cause order. On March 2, 1973, this court entered an order dismissing the Company's petition to review for want of prosecution.

The Board has filed a cross-application for enforcement of its order. On March 28, 1973, the Board filed a motion for summary adjudication of enforcement.

Upon consideration, it is ordered that the motion of the Board for summary adjudication be granted and that enforcement of its orders of the Board be and hereby is granted.

---

**SAGINAW AGGREGATES, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD.**

No. 72–1854.

United States Court of Appeals, Sixth Circuit.

Aug. 30, 1973.

Elliot Moore, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Jerome H. Brooks, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.

ORDER

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

This case originally was before the court on the petition of Saginaw Aggregates to review an order and supplemental order of the National Labor Relations Board. The decisions of the Board are reported at 191 NLRB No. 104 and 198 NLRB No. 78.

On February 9, 1973, this court issued an order directing the Company to show cause why its petition should not be dismissed for want of prosecution. The Company did not respond to the show

---

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STANDARD HEATING AND COOLING, INC., Respondent.**

No. 73–1580.

United States Court of Appeals, Sixth Circuit.

Aug. 28, 1973.

Elliot Moore, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. E., Detroit, Mich., for petitioner.

Jack G. Burwell, Fiott & Burwell, Southfield, Mich., for respondent.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

ORDER

Upon the filing by National Labor Relations Board of its application for summary entry of judgment upon the transcript of the record, this Court, on June 28, 1973, issued an order requiring the Respondent to show cause by July 18, 1973, why the Board's application for entry of summary judgment should not be granted, which order was duly served on the Respondent. No response was made

to the order to show cause, and Respondent is in default.

It is therefore ordered, adjudged and decreed that the application for summary entry of judgment be granted and that the order of the Board be enforced, and Respondent is ordered to comply therewith.